IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| **JENNIFER RAMSEY,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **SAN JACINTO COLLEGE DISTRICT,** <br><br> **Defendant.** | **CIVIL ACTION NO. 4:23-cv-01719** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

JENNIFER RAMSEY, ("Ramsey" or "Plaintiff"), by and through her attorney of record, hereby complains of SAN JACINTO COLLEGE DISTRICT ("SJCD" or "Defendant"), and for cause of action would show as follows:

## 1. INTRODUCTION

1.1. Defendant denied Plaintiff reasonable accommodations for Plaintiff's disability, and terminated Plaintiff's employment because of her disability and her requests for accommodations, in violation of the Americans with Disabilities Act ("ADA").

1.2. Defendant interfered with Plaintiff's taking intermittent medical leave to which she was entitled under the Family and Medical Leave Act of 1993 ("FMLA"), in violation of the FMLA. Defendant terminated Plaintiff in retaliation for exercising her right to take medical leave, in violation of the FMLA.

1.3. This action seeks back pay and front pay, lost benefits, compensatory damages, liquidated damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, reinstatement, and all other damages permitted at law or in equity.

## 2. PARTIES

2.1.   Plaintiff is a resident of Harris County, Texas. At all relevant times, Plaintiff was employed at Defendant's San Jacinto College District campus located at 4624 Fairmont Pkwy, Pasadena, Texas 77504-3323.

2.2.   Defendant SAN JACINTO COLLEGE DISTRICT is a Delaware corporation authorized to do and conducting business in the state of Texas for profit. Defendant may be served with process by serving its registered agent, San Jacinto College District, Chancellor Dr. Brenda Hellyer, 4624 Fairmont Parkway, Pasadena, Texas 77504.

## 3. JURISDICTION

3.1.   This action is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

3.2.   The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas—Houston Division.

3.3.   This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4. FACTS

4.1.   Plaintiff was employed by Defendant since September 1, 2005.

4.2.   Plaintiff held the position of Manager of Learning Technologies with Defendant.

4.3.   Plaintiff had several life affecting disabilities, including a hearing disability and brain conditions.

4.4.   Plaintiff communicated her disabilities and need for medical treatment to Defendant.

4.5.   Plaintiff went out for surgery in November 2020.

4.6.   Within two weeks upon Plaintiff's return from surgery, she received her first writeup in over 15 years.

4.7. In March 2021, Plaintiff's condition again worsened, and she scheduled a second corrective brain surgery for July 2021.

4.8. Plaintiff's supervisor created an increasingly hostile work environment, which Plaintiff reported.

4.9. Plaintiff's complaints were dismissed.

4.10. In June 2021, Plaintiff received another writeup.

4.11. Plaintiff returned from her surgery in September 2021.

4.12. Plaintiff submitted FMLA documentation.

4.13. Plaintiff received another writeup in November 2021.

4.14. Plaintiff made requests to her leadership and Human Resources for, but her ongoing neurological condition were ignored.

4.15. Plaintiff was terminated from her employment with Defendant in December 2021.

4.16. Plaintiff appealed her termination and received a denial on January 13, 2022.

4.17. Plaintiff thereafter filed her Equal Employment Opportunity Commission Charge and received a Right to Sue.

4.18. Plaintiff files this lawsuit within the 90 days required by her Right to Sue and satisfies all conditions precedent.

5. **CAUSES OF ACTION: DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**

5.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

5.2. Plaintiff had a disability. Defendant regarded Plaintiff as disabled.

5.3. Plaintiff was qualified for her position.

5.4. Defendant discriminated against Plaintiff and terminated Plaintiff because of her disability and/or perceived disability.

5.5. Defendant failed or refused to make a reasonable workplace accommodation to a known physical limitation of Plaintiff, an otherwise qualified employee with a disability.

5.6. As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional pain and suffering, and damage to her professional reputation. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

## 6. CAUSES OF ACTION: INTERFERENCE AND RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

6.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

6.2. Defendant is a covered employer under the FMLA.

6.3. Plaintiff was an eligible employee as that term is defined under the FMLA.

6.4. Plaintiff gave notice of her need for leave under the FMLA.

6.5. Plaintiff was entitled to take leave under the FMLA.

6.6. Defendant denied Plaintiff FMLA leave to which she was entitled under the FMLA. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

6.7. Defendant's denial of Plaintiff's rights under the FMLA caused her prejudice.

6.8. Plaintiff engaged in protected activity under the FMLA by requesting leave under the FMLA.

6.9. Defendant terminated Plaintiff in retaliation for seeking leave under the FMLA, 29 U.S.C. § 2601, *et seq.* It is unlawful for any employer to discharge or discriminate against any individual for seeking FMLA leave.

6.10. As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional

pain and suffering, and damage to her professional reputation. Plaintiff also sues for the recovery of punitive and/or liquidated damages as authorized by statute.

## 7. JURY DEMAND

7.1. Plaintiff hereby demands a jury.

## 8. PRAYER

8.1. Plaintiff respectfully prays for the following relief:

    8.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

    8.1.2. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the ADA;

    8.1.3. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the FMLA;

    8.1.4. Pre-judgment interest at the highest legal rate;

    8.1.5. Post-judgment interest at the highest legal rate until paid;

    8.1.6. Back-pay;

    8.1.7. Front-pay;

    8.1.8. Lost benefits in the past and future;

    8.1.9. Damages for emotional distress and mental anguish in the past and future;

    8.1.10. Liquidated damages;

    8.1.11. Exemplary damages;

    8.1.12. Reinstatement;

    8.1.13. Attorneys' fees;

    8.1.14. All costs of court;

    8.1.15. Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

*/s/ Sidd Rao*
Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Sidd Rao
State Bar No. 24065947
srao@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF