**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION**

| | |
|---|---|
| **JENNIFER RAMSEY,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 4:23-cv-01719** |
| **v.** | |
| **SAN JACINTO COLLEGE DISTRICT,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

JENNIFER RAMSEY, ("Ramsey" or "Plaintiff"), by and through her attorney of record, hereby complains of SAN JACINTO COLLEGE DISTRICT ("SJCD" or "Defendant"), and for cause of action would show as follows:

## 1.  INTRODUCTION

1.1.  Defendant denied Plaintiff reasonable accommodations for Plaintiff's disability, and terminated Plaintiff's employment because of her disability and her requests for accommodations, in violation of the Americans with Disabilities Act ("ADA").

1.2.  Defendant interfered with Plaintiff's taking intermittent medical leave to which she was entitled under the Family and Medical Leave Act of 1993 ("FMLA"), in violation of the FMLA. Defendant terminated Plaintiff in retaliation for exercising her right to take medical leave, in violation of the FMLA.

1.3.  This action seeks back pay and front pay, lost benefits, compensatory damages, liquidated damages, expert witness fees, court costs, attorney's fees, pre-judgment and post-judgment interest, reinstatement, and all other damages permitted at law or in equity.

## 2.  PARTIES

2.1.   Plaintiff is a resident of Harris County, Texas.  At all relevant times, Plaintiff was employed at Defendant's San Jacinto College District campus located at 4624 Fairmont Pkwy, Pasadena, Texas 77504-3323.

2.2.   Defendant SAN JACINTO COLLEGE DISTRICT is a Delaware corporation authorized to do and conducting business in the state of Texas for profit.  Defendant may be served with process by serving its registered agent, San Jacinto College District, Chancellor Dr. Brenda Hellyer, 4624 Fairmont Parkway, Pasadena, Texas 77504.

## 3.  JURISDICTION

3.1.   This action is brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

3.2.   The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas—Houston Division.

3.3.   This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## 4.  FACTS

4.1.   Plaintiff was employed by Defendant from September 1, 2005 until her termination on December 3, 2021.  During her employment with Defendant, Plaintiff held the position of Manager of Learning Technologies.

4.2.   For fifteen years, Plaintiff earned favorable performance evaluations and was recognized for her accomplishments.  However, things took a sharp turn once Plaintiff began to request accommodations and medical leave in 2020.

4.3.   Plaintiff has several life affecting disabilities, including a hearing disability and neurological medical conditions.  In 2020, these conditions worsened, requiring Plaintiff

to have surgery to address them.   Plaintiff communicated her disabilities and need for medical treatment to Defendant and sought to schedule surgery.

4.4.   Plaintiff's leader, Mr. Gabriel Rodriguez, began to create a hostile work environment for her.  On August 20, 2020, Mr. Rodriguez trapped and cornered Plaintiff in her office after the other employees had left for the day.  Feeling unsafe and fearful, Plaintiff complained to Defendant's Human Resources Department the following day.   Human Resources suggested Zoom or Team meetings for after hours interaction with her leader, and then admonished Plaintiff against recording any one on one interactions with Mr. Rodriguez.

4.5.   Plaintiff took FMLA leave for her medical conditions, and her surgery was scheduled for November 18, 2020.  Plaintiff then returned to work on January 4, 2021.

4.6.   Mr. Rodriquez issued Plaintiff a "Letter of Expectation" on January 15, 2021, stating that Plaintiff arrived late without prior notification on January 13 and January 15.  Due to the symptoms of Plaintiff's diagnosed conditions, there were times when prior notification was not possible, but Mr. Rodriguez and Defendant were unwilling to accommodate the situation or recognize Plaintiff's need for intermittent FMLA.   Furthermore, Mr. Rodriguez accused Plaintiff of doing this "many times over the past several months," despite the fact that Plaintiff was out on FMLA leave and had just returned to the office.

4.7.   Furthermore, Plaintiff made multiple requests for flexible and alternate work schedules that comported with Defendant's policies and procedures, but these accommodations were likewise denied.

4.8.   In March 2021, Plaintiff's condition again worsened, and she scheduled a second corrective brain surgery for July 2021.  Defendant then wrote her up again, on June 3, 2021, for tardiness that day, and included another alleged tardy from May 12, 2021, even though Plaintiff had not been written up for it at the time.  Once more, Defendant failed

3

to accommodate or even take into account Plaintiff's medical conditions and FMLA leave when issuing its corrective action notice.

4.9.    Thereafter, Plaintiff went out on FMLA leave for her surgery, and returned to work on September 7, 2021.  She was issued a third and final write-up by Defendant on November 4, 2021.  She was taken to task for being eight minutes late on September 27 and four minutes late on October 12.  Defendant falsely accused Plaintiff of disrupting meetings by asking questions about content already covered, which Plaintiff did not do.  Another of Plaintiff's leaders, Mr. Kam Marvel, admitted that Plaintiff was experiencing technical difficulties with her newly installed monitor and camera that would result in real-time delays in virtual meetings, but these factors were not taken into account by Defendant in issuing the final write-up.

4.10.    This final write-up also accused Plaintiff of not creating a project by the due date, even though the project was given to her incomplete, with several associated components either unspecified or not included.  Contrary to Defendant's allegations in the final write-up, Plaintiff went above and beyond to clarify, configure, and customize the project to account for these shortcomings, and then completed the project.  Nevertheless, Defendant wrote her up anyway, as the fix was in.

4.11.    Plaintiff was terminated from her employment with Defendant on December 3, 2021.  In its notice of termination, Defendant put forth pretextual reasons consisting of deadlines which did not previously exist, unspecified errors that Plaintiff was never given an opportunity to address, and issued which occurred while Plaintiff was on FMLA leave and on which Plaintiff had no ability to affect.  Plaintiff appealed her termination and received a denial on January 13, 2022.

4.12.   Plaintiff thereafter filed her Equal Employment Opportunity Commission Charge and received a Right to Sue.

4.13.   Plaintiff filed this lawsuit within the 90 days required by her Right to Sue and satisfies all conditions precedent.

**5.   CAUSES OF ACTION: DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT**

5.1.   Plaintiff incorporates all allegations contained in the foregoing paragraphs.

5.2.   Plaintiff had a disability. Defendant regarded Plaintiff as disabled.

5.3.   Plaintiff was qualified for her position.

5.4.   Defendant discriminated against Plaintiff and terminated Plaintiff because of her disability and/or perceived disability.

5.5.   Defendant failed or refused to make a reasonable workplace accommodation to a known physical limitation of Plaintiff, an otherwise qualified employee with a disability.

5.6.   As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional pain and suffering, and damage to her professional reputation. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

**6.   CAUSES OF ACTION: INTERFERENCE AND RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT**

6.1.   Plaintiff incorporates all allegations contained in the foregoing paragraphs.

6.2.   Defendant is a covered employer under the FMLA.

6.3.   Plaintiff was an eligible employee as that term is defined under the FMLA.

6.4.   Plaintiff gave notice of her need for leave under the FMLA.

6.5.   Plaintiff was entitled to take leave under the FMLA.

6.6. Defendant denied Plaintiff FMLA leave to which she was entitled under the FMLA. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

6.7. Defendant's denial of Plaintiff's rights under the FMLA caused her prejudice.

6.8. Plaintiff engaged in protected activity under the FMLA by requesting leave under the FMLA.

6.9. Defendant terminated Plaintiff in retaliation for seeking leave under the FMLA, 29 U.S.C. § 2601, *et seq.* It is unlawful for any employer to discharge or discriminate against any individual for seeking FMLA leave.

6.10. As a result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff has suffered and continues to suffer mental anguish, emotional pain and suffering, and damage to her professional reputation. Plaintiff also sues for the recovery of punitive and/or liquidated damages as authorized by statute.

## 7.  JURY DEMAND

7.1. Plaintiff hereby demands a jury.

## 8.  PRAYER

8.1. Plaintiff respectfully prays for the following relief:

8.1.1. Judgment against Defendant for actual damages sustained by Plaintiff as alleged herein;

8.1.2. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the ADA;

8.1.3. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant's violations of the FMLA;

8.1.4. Pre-judgment interest at the highest legal rate;

8.1.5. Post-judgment interest at the highest legal rate until paid;

8.1.6. Back-pay;

8.1.7. Front-pay;

8.1.8.      Lost benefits in the past and future;

8.1.9.      Damages for emotional distress and mental anguish in the past and future;

8.1.10.     Liquidated damages;

8.1.11.     Exemplary damages;

8.1.12.     Reinstatement;

8.1.13.     Attorneys' fees;

8.1.14.     All costs of court;

8.1.15.     Such other and further relief, at law or in equity, general or special to which Plaintiff may show she is justly entitled.


Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP


*/s/ Sidd Rao*

Todd Slobin
State Bar No. 24002953
tslobin@eeoc.net
Sidd Rao
State Bar No. 24065947
srao@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF

7